# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: ) | CASE NO: 15-41196 |
| STANLEY W. ELLSWICK, ) | |
| Debtor. ) | CHAPTER 13 |
| _____) _____ | |
| ) | |
| STANLEY W. ELLSWICK, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | AP NO: 15-40048-JJR |
| ) | |
| QUANTUM GROUP 3, LLC, as ) | |
| agent for SADINO FUNDING, LLC) | |
| Defendant. ) | |

## MOTION TO APPROVE COMPROMISE

**COME NOW** the Plaintiffs in the above-styled adversary proceeding, by and through their undersigned counsel, and pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, request that this Court approve the following compromise:

1. On or about October 15, 2015, Plaintiff Ellswick filed an Adversary Proceeding against Quantum Group 3, LLC, as agent for Sadino Funding, LLC (hereinafter "Quantum") alleging violations of 11 U.S.C. § 362.

2. On or about April 30, 2018, an Amended Complaint was filed in which the Chapter 13 Trustee, Mrs. Linda B. Gore, joined as a Plaintiff.

3. A settlement has been reached whereby Quantum has agreed to pay to Plaintiffs the sum of Twenty-Four Thousand Five Hundred Dollars and 00/100 ($24,500.00) without any admission of liability and for settlement purposes only. One Thousand Dollars ($1,000.00) will be paid to Plaintiffs, and Twenty-Three Thousand Five Hundred Dollars ($23,500.00) will be paid to Plaintiffs' counsel as attorney fees.

4. In his Amended Schedules dated September 15, 2015, Plaintiff Ellswick exempted a total of $6,620 from potential lawsuits against Quantum and various payday lenders. (BK Doc. # 28.)

5. On January 7, 2016, this Court approved the compromise of a dispute with Check Depot in which Plaintiff Ellswick claimed $1,000 as exempt. (BK Doc. 98.) Plaintiff Ellswick has $5,620 of exemptions remaining.

6. Plaintiff Gore has consented to Plaintiff Ellswick retaining the full amount of the proceeds paid to Plaintiffs in this matter.

7. In exchange for the payment referenced above in Paragraph 3, Plaintiffs have agreed to release Quantum from any and all claims Plaintiffs may have against it up until the effective date of the Settlement Agreement. A copy of the Settlement Agreement is attached hereto as Exhibit "A."

8. The Plaintiffs believe this compromise to be fair, reasonable and in the best interests of the Debtor, Quantum, the Debtor's estate and other interested parties.

**WHEREFORE**, the premises considered, the Plaintiffs respectfully request that this Court enter an Order approving the terms of the compromise set forth herein.

Respectfully submitted this 9th day of November 2018.

*/s/ J. Gabriel Carpenter*
Harvey B Campbell, Jr. and
J. Gabriel Carpenter
Attorneys for Plaintiffs
ALABAMA CONSUMER LAW GROUP, LLC
400 South Court Square
Talladega, AL 35160
gabe@aclg.law
buddy@aclg.law

# CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System and served a copy of the foregoing by U.S. First Class Mail, postage prepaid, properly addressed to the creditors listed in the attached mailing matrix, and to the following individuals via electronic mail:

Jason Tompkins
Chase T. Espy
Attorneys for Defendant
BALCH & BINGHAM, LLP
P.O. Box 306
Birmingham, Alabama 35101
jtompkins@balch.com
cespy@balch.com


Linda B. Gore
CHAPTER 13 TRUSTEE
P. O. Box 1338
Gadsden, AL 35902-1338
linda@ch13gadsden.com


　　　　　　　　　　　　　　　　　　　*/s/ J. Gabriel Carpenter*
　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　J. Gabriel Carpenter
　　　　　　　　　　　　　　　　　　　Attorney for Debtor/Plaintiff

# Exhibit A

## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND RELEASE OF CLAIMS

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS is made on this 7th day of November, 2018, by and between Stanley Ellswick and Linda B. Gore, as Chapter 13 Trustee ("PLAINTIFFS"), and Sadino Funding, LLC and Quantum3 Group, LLC, as agent for Sadino Funding, LLC ("DEFENDANTS").

**Definitions**

A. **"PLAINTIFF-Related Persons"** shall mean PLAINTIFFS' spouse, family, successors, assigns, agents, servants, heirs, executors, administrators, representatives, insurers, employees, attorneys, beneficiaries and all others through PLAINTIFFS.

B. **"DEFENDANT-Related Persons"** shall mean DEFENDANTS' predecessors, successors, assigns, parent corporations, subsidiaries, affiliates, holding companies, divisions, unincorporated business units, joint venturers, partners, insurers, members, officers, directors, shareholders, managers, employees, agents, servants, representatives, officials, attorneys, associates and trustees,.

C. **"Agreement"** shall mean this Confidential Settlement Agreement and Release of Claims.

D. **"Parties"** shall mean PLAINTIFFS and DEFENDANTS.

E. **"Lawsuit"** shall mean the adversary proceeding titled *Stanley Ellswick and Linda B. Gore, as Chapter 13 Trustee v. Quantum3 Group, LLC, as agent for Sadino Funding, LLC*, No. 15-AP-40048, in the United States Bankruptcy Court for the Northern District of Alabama.

F. **"Claims"** shall mean all claims, counterclaims, demands, actions, causes of action, debts, liabilities, damages, costs, fees, expenses, rights, duties, obligations, liens, petitions, suits, losses, controversies, executions, offsets and sums of any kind or nature, whether direct or indirect, liquidated or unliquidated, contingent or actual, in law or equity, known or unknown, suspected or unsuspected or of whatever type or nature.

G. The **"Quantum Account"** shall mean Quantum Account Nos. Q1495409217.

In consideration of the covenants contained herein, the Parties acknowledge, promise and agree as follows:

1. In exchange for the consideration provided for in Paragraph three (3) below, PLAINTIFFS release DEFENDANTS and DEFENDANT-Related Persons (the "Released Parties") from any and all Claims, including any liability or Claims arising under the Lawsuit, including those Claims related to the Quantum Account. The Released Parties shall release PLAINTIFFS from any and all Claims related to the Quantum Account.

2. Within seven (7) business days of receipt of this signed agreement, PLAINTIFFS shall file forthwith a Motion to Approve Compromise with the requisite court. Within seven (7) business days of the Court's entry of an order approving the Motion to Approve Compromise, PLAINTIFFS shall file forthwith a request for dismissal of the Lawsuit with prejudice and withdraw any related Claims pending before any tribunals, courts or administrative bodies. PLAINTIFFS shall cause a conformed copy of the court's order granting PLAINTIFFS' request for dismissal with prejudice of the Lawsuit to be delivered to Chase Espy & Jason Tompkins of Balch & Bingham, 1901 Sixth Ave. N Suite 1500, Birmingham, AL 35203 within ten (10) business days after the order is entered.

3. Within ten (10) business days of receipt of a copy of the court's order granting PLAINTIFFS' request for dismissal with prejudice of the Lawsuit, DEFENDANTS shall issue one check to PLAINTIFFS, care of PLAINTIFFS' attorneys, in the amount of one thousand dollars ($1,000.00), and one check to PLAINTIFFS' attorneys (Alabama Consumer Law Group, LLC), in the amount of twenty-three thousand, five hundred dollars ($23,500.00). DEFENDANTS will issue any information statements required by law for the payment made pursuant to this Agreement. PLAINTIFFS agree that they will be responsible for any tax consequences, including the payment of any and all taxes, as a result of entering into this Agreement. The Released Parties make no representations regarding tax consequences, if any, of the payment made pursuant to this Agreement.

4. This Agreement is the result of compromise, and is entered into in good faith for the purpose of fully and finally settling all disputes arising out of the facts alleged in or capable of being alleged in the Lawsuit, and to avoid the expense and uncertainty of further litigation. PLAINTIFFS acknowledge that the consideration set forth in Paragraph three (3) of this Agreement is valuable and is provided for, among other things, the purpose of termination of the Lawsuit with prejudice, and obviating further involvement in litigation based upon disputed Claims raised by PLAINTIFFS in the Lawsuit and is provided without any admission or concession whatsoever by the Released Parties that they engaged in any wrongful or unlawful act, or violated any federal, state or local statute, ordinance, law, rule, or regulation, which the Released Parties expressly deny.

5. This Agreement covers and includes all Claims that PLAINTIFFS have against the Released Parties up to and including the date of this Agreement, whether actually known or not, despite the fact that any applicable state and/or federal law may provide otherwise.

6. PLAINTIFFS warrant that PLAINTIFFS have read this Agreement and have consulted with PLAINTIFFS' attorneys regarding the contents and significance of this Agreement. In executing this Agreement, PLAINTIFFS do so with full knowledge of any and all rights PLAINTIFFS may have, and the contents of this Agreement and its meaning, which have been fully explained to PLAINTIFFS by PLAINTIFFS' attorneys. PLAINTIFFS understand the contents and significance of this Agreement and enter into this Agreement voluntarily of PLAINTIFFS' own free will. PLAINTIFFS further represent and warrant that no person other than PLAINTIFFS has any interest or right in the matters referred to in Paragraph 5 above, that PLAINTIFFS have the sole right and exclusive authority to execute this Agreement and that

PLAINTIFFS have not sold, assigned, transferred, conveyed or otherwise disposed of any Claim or demand relating to any matter covered by this Agreement.

7. The terms of settlement may be disclosed to the United States Bankruptcy Court for the Northern District of Alabama for purposes of obtaining the Court's approval of the terms of settlement. The terms of this Agreement, its contents, and the settlement amount set forth in Paragraph three (3) otherwise are confidential and shall not be disclosed by any party or their counsel except as required by legal process or by regulatory obligations. However, PLAINTIFFS shall be allowed to discuss the terms of this Agreement with PLAINTIFFS' immediate family, tax professionals, attorney(s), or with the Court *in camera*. PLAINTIFFS shall notify DEFENDANTS of any subpoena or other discovery request received regarding this Agreement, its terms or contents or the negotiations underlying this Agreement. PLAINTIFFS must provide this notification, including copies of the subpoena or other discovery request within three (3) business days of PLAINTIFFS' receipt of the subpoena or other discovery request.

8. The provisions of this Agreement shall inure to the benefit of, and shall be binding upon successors in interest, assigns and legal representatives of DEFENDANTS, DEFENDANT-Related Persons, PLAINTIFFS and PLAINTIFF-Related Persons.

9. Alabama law shall govern the validity and interpretation of this Agreement.

10. This Agreement sets forth the entire understanding and agreement among the Parties with respect to the subject matter hereof and supersedes any prior or contemporaneous oral and/or written agreements or representations.

11. This Agreement may not be altered or amended in any of its provisions except by the mutual written agreement of the Parties.

12. Should any of the provisions set forth herein be determined to be invalid by any court, agency, or any other tribunal of competent jurisdiction, such determination shall not affect the enforceability of the other provisions herein and to this end the provisions of this Agreement are declared severable.

13. In the event that notice to one of the Parties must be provided under the terms of this Agreement, notice is deemed provided by sending the required notice and/or documents and materials via certified U.S. Mail, with postage prepaid, to the respective addresses:

    a.    For PLAINTIFFS:    Harvey B. Campbell, Jr.
                                            J. Gabriel Carpenter
                                            Alabama Consumer Law Group, LLC
                                            P.O. Box 756
                                            Talladega, AL 35161-0756

    b.    For DEFENDANTS:    Quantum3 Group, LLC,
                                              Attn: Legal Department
                                            12006 98th Ave. NE, Suite 200
                                            Kirkland, WA 98034

14. This Agreement may be executed in counterparts and/or by facsimile signatures with the same force and effect as if executed in one complete document with the original signature of all parties.

4

IN WITNESS WHEREOF, the Parties have duly executed this Agreement effective as of the date first above written, regardless of the date on which such Agreement is signed.

SADINO FUNDING, LLC

By: _____

Name: _____RUI PINTO-CARDOSO_____

Title: _____CEO_____

Date: _____11/07/2018_____

QUANTUM3 GROUP, LLC, as agent for SADINO FUNDING, LLC

By: _____

Name: _____Linh K. Tran_____

Title: _____General Counsel_____

Date: _____11/07/2018_____

Stanley Ellswick

_____Stanley Ellswick_____

Date: _____11-07-2018_____

APPROVED AS TO FORM:

_____

**Attorney for Plaintiff**

**Linda B. Gore, as Chapter 13 Trustee**

/s/ Linda B. Gore

Date: _____November 5, 2018_____

5

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1126-1<br>Case 15-41196-JJR13<br>NORTHERN DISTRICT OF ALABAMA<br>Anniston<br>Fri Nov  9 15:33:54 CST 2018 | U. S. Bankruptcy Court<br>1129 Noble Street, Room 117<br>Anniston, AL 36201-4674 | Aarons<br>1720 Alabama 21<br>Oxford, AL  36203 |
| Advance America<br>155 Plaza Lane<br>Oxford, AL 36203-2465 | American InfoSource LP as agent for<br>T Mobile/T-Mobile USA Inc<br>PO Box 248848<br>Oklahoma City, OK  73124-8848 | American Reeivables Agencies, LLC<br>P.O. Box 34704<br>North Chesterfiled, VA 23234-0704 |
| Anniston Finance<br>1025-A noble St.<br>Anniston, AL 36201-4636 | Atlas Acquisitions LLC<br>294 Union St.<br>Hackensack, NJ 07601-4303 | CashNet USA<br>200 W. Jackson Blvd<br>4th Floor<br>Chicago, IL  60606-<br>6 60606-6941 |
| (p)CHECK DEPOT CORPORATE OFFICE<br>ATTN WANDA WALKER<br>211 SUMMIT PKWY<br>SUITE 116<br>BIRMINGHAM AL 35209-4742 | Check Into Cash<br>647 Snow Street<br>Oxford, AL 36203-1218 | Check N Go<br>100 Commerical Drive<br>Fairfield, Oh 45014-5556 |
| Complete Cash<br>309 West 10th Street<br>Rome, GA. 30165-2638 | Diversified Consultants, Inc.<br>P. O. Box 1391<br>Southgate, MI  48195-<br>0 48195-0391 | GFC Lending, LLC<br>PO BOX 29018<br>PHOENIX, AZ 85038-9018 |
| Go Financial<br>c/o GFC Leding, LLC<br>P.O. Box 29018<br>Phoenix, AZ 85038-9018 | Mr. Money<br>1117 Noble St.<br>Anniston, AL 36201-4638 | QC Financial Services, Inc.<br>6B Hamric Drive<br>Oxrord, AL 36203-2353 |
| QC Financial Services, Inc.<br>c/o Bradley Arant Boult Cummings LLP<br>Attn: James B. Bailey<br>1819 Fifth Ave. N.<br>Birmingham, AL 35203-2120 | Quantum3 Group LLC as agent for<br>Sadino Funding LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 | REGIONAL MANAGEMENT CORPORATION<br>PO BOX 776<br>MAULDIN, SC 29662-0776 |
| REGIONAL MANAGEMENT CORPORATION<br>d/b/a Anchor Finance, Superior Financial<br>PO BOX 776<br>MAULDIN, SC 29662-0776 | REgional Finance<br>1986 U. S. Hwy 78 E<br>Oxford, AL 36203-2020 | Regional Finance<br>1225 East Snow Street<br>Suite 4<br>Oxford, AL 36203-1964 |
| United States Internal Revenue Ser<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Harvey B. Campbell Jr.<br>Alabama Consumer Law Group, LLC<br>Post Office Drawer 756<br>400 S. Court Square<br>Talladega, AL 35160-2499 | Jonathan G Carpenter<br>Alabama Consumer Law Group, LLC<br>P.O. Box 756<br>Talladega, AL 35161-0756 |
| Linda Baker Gore<br>NON-PAYMENTS: P.O. Box 1338<br>Gadsden, AL 35902 | Megan Campbell Carpenter<br>Alabama Consumer Law Group, LLC<br>P.O. Drawer 756<br>Talladega, AL 35161-0756 | Stanley W. Ellswick<br>1127 McPherson St.<br>Oxford, AL 36203-1543 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Check Depot
211 Summit Pkwy #116
Birmingham, AL 35209

(d)Check Depot
P.O. BOX 10039
Oxford, AL 36203

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Sadino Funding LLC and its agent, Quantum3

End of Label Matrix
Mailable recipients    29
Bypassed recipients     1
Total                  30